769 So.2d 397 (2000)
Bryan D. PARK, Petitioner,
v.
CITY OF WEST MELBOURNE, Florida, Respondent.
No. 5D99-2192.
District Court of Appeal of Florida, Fifth District.
April 28, 2000.
Rehearing Denied October 13, 2000.
Edward R. Gay, Orlando, for Petitioner.
Charles Robinson Fawsett of Shutts & Bowen, LLP, Orlando, and T. Mitchell Barlow of Barlow & Bohne, P.A., Melbourne, for Respondent.
THOMPSON, J.
Petitioner Bryant Park seeks certiorari review of an order of the circuit court acting in its review capacity. We grant the petition and quash the order under review.
The police chief of the City of West Melbourne discovered that the department's telephone bill contained a charge for a call to a "psychic hotline." The chief questioned Park, who had been on duty the night the call was made, but Park disclaimed any knowledge of the call. Another *398 officer who had been on duty that night, having heard of the chief's concern, contacted the chief and stated that he had made the call. He stated that he had thought that no charges would be incurred if the call were three minutes or less, and that Park had assisted him by timing the call to three minutes. The chief again spoke to Park, who again denied knowledge of the call. The chief determined that Park had lied and recommended his discharge to the city manager. The city manager reviewed the internal investigation report, and the transcripts of the interviews with the officers, and concurred with the chief.
Park's termination letter informed him that he was entitled to a public evidentiary hearing before a hearing officer chosen by the city and empowered to set aside, modify or affirm the decision. The letter stated that the issue at such a hearing would be "whether the City's decision was arbitrary, pretextual or for improper motive." Park chose to have a hearing, at which both parties presented evidence. The hearing officer weighed the credibility of the witnesses, and determined that the city had not shown by a preponderance of the evidence that Park was fired for "just cause." The city successfully petitioned for a writ of certiorari from the circuit court. The circuit court determined that the hearing officer incorrectly afforded a de novo hearing when, instead, it should have afforded an appeal type proceeding, without re-determining the fact found by the citythat Park had lied.
We quash the decision because it effectively denies Park due process. In Grice v. City of Kissimmee, 697 So.2d 186 (Fla. 5th DCA 1997), this court held that a police officer who is not a probationary or at will employee has a right to a due process hearing before his or her termination becomes final. Further, we held that when the termination is based on the testimony of witnesses other than the terminated officer, as a matter of constitutional due process, the officer must be permitted to confront and cross-examine the witness. In the instant case, since there had been only an internal investigation plus a recommendation from the chief to the city manager that Park be fired, and no pre-termination hearing during which Park could confront the witnesses against him, the circuit court decision denies Park the due process right to confront the witnesses against him.
Certiorari GRANTED; order QUASHED.
COBB and W. SHARP, JJ., concur.