NORTHCUTT, Judge.
The circuit court entered summary judgment in this case, finding that Claude Young’s claims were barred by the statute of limitations. We affirm based on the Florida Supreme Court’s recent decision in Davis v. Monahan, 832 So.2d 708 (Fla.2002).
Young initially filed a two-count complaint in May 1996, seeking specific performance and damages against numerous defendants, none of whom are .parties to this appeal. That complaint was amended in October 1996. On February 8, 1999, *386 Young filed a motion for leave to file supplemental pleadings, seeking to amend all claims against Carrick and Ball individually. The court granted his motion in March 1999. Then in June 1999, Young filed an “amended supplemental complaint.” The pertinent portions of this complaint added counts of civil conspiracy against the ap-pellees in this case: Ball individually, McDaniel & Ball, P.A., Miller, Hagy, and Carrick (the “conspiracy defendants”).
The factual basis of the conspiracy counts involved a mortgage loan from C & S Bank obtained in the name of Claude Young on September 24, 1990. Young claimed his name was forged on the application, and it was not disputed that he did not sign the note and mortgage. Someone other than Young made the installment payments until sometime in 1993, when the loan went into default. At that time, a representative of the bank telephoned Young to tell him that the loan in his name was in default. Young then brought the debt current and began making the monthly payments on the loan. But he claimed he did not discover the forged bank documents, which put him on notice of the conspiracy, until December 1995.
The conspiracy defendants moved for summary judgment on the grounds that Young had discovered the conspiracy when the bank contacted him in 1993, and that the four-year limitations period[1] had therefore expired before the civil conspiracy claims were first asserted against them in 1999.[2] See § 95.11(3), Fla. Stat. (1993). The circuit court agreed, and granted summary judgment.
The Monahan decision now makes it clear that the delayed discovery doctrine does not apply to a cause of action for civil conspiracy.[3] 832 So.2d at 708, 711. Therefore, in this case the statute of limitations began to run when Young’s cause of action accrued. § 95.031(1), Fla. Stat. (1989). That happened in 1990, when the alleged conspirators applied for the loan and received the proceeds. Thus, Young’s 1999 action was barred under the four-year limitation period in section 95.11(3)(p), Florida Statutes (1989). The circuit court decided this case correctly, albeit for the wrong reason. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999).
Affirmed.
STRINGER and SILBERMAN, JJ., concur.

. All the parties agree that the four-year statute of limitations applies to this case. See § 95.1 l(3)(p), Fla. Stat. (1989).

. Young’s amendment does not relate back to the date of the original complaint. See Arnwine v. Huntington Nat'l Bank, N.A., 818 So.2d 621, 624-26 (Fla. 2d DCA 2002) (explaining that the relation back doctrine does not allow for .the addition of a new party, nor does it permit an entirely new claim for civil conspiracy to relate back to an original complaint asserting counts for reconstruction of lost documents, conversion, accounting, fraud, and breach of fiduciary duty).

.On appeal, all parties address Young's causes of action as if they sounded in fraud. However, the complaint alleges civil conspiracy and does not mention fraud. Thus, the statutory delayed discovery doctrine for fraud, § 95.031(2), Fla. Stat. (1989), does not apply here. See Monahan, 832 So.2d 708, 709.