949 So.2d 226 (2007)
Andrew John ANTHONY, Appellant,
v.
Raquel ANTHONY, Appellee.
No. 3D06-473.
District Court of Appeal of Florida, Third District.
January 3, 2007.
Rehearing Denied February 6, 2007.
Law Offices of Anthony & Associates, P.A., Miami, and Bradley A. Silverman, Coral Gables, for appellant.
Perez-Abreu & Martin-Lavielle, P.A., and Javier Perez-Abreu, and Andy W. Acosta, Coral Gables, for appellee.
*227 Before COPE, C.J., and GREEN, J. and SCHWARTZ, Senior Judge.
PER CURIAM.
Former husband Andrew John Anthony appeals an order enforcing a settlement agreement requiring him to sign the former wife's proposed release. We reverse.
The parties were divorced in 2005. The final dissolution judgment incorporated a memorandum of settlement between the parties. Paragraph 20 of the memorandum stated:
The Husband shall execute full and complete releases to the Wife and Javier Perez-Abreu [her attorney] through the date of the Final Judgment; the Wife shall execute a full and complete release to the Husband through the date of the Final Judgment; Javier Perez-Abreu, Esq., shall execute a full and complete release to the Husband through the date of the Final Judgment.
The parties subsequently were unable to agree on the language of the releases required under this paragraph. The former husband filed a motion to enforce final judgment. His main contention was that the release contemplated by paragraph 20 included only the former wife and her attorney, Perez-Abreu, but not her attorney's law firm. He further argued that the firm was never mentioned when the releases and settlement were being negotiated between the parties. Each party then submitted their own proposed versions of the releases. The former husband prepared a general release between himself and the former wife, and one between himself and her lawyer individually. The former wife prepared a release that included her attorney's law firm. After hearing evidence from both sides, the court ordered the former husband to sign the wife's proposed releases. The former husband now appeals.
We cannot endorse the trial court's interpretation of paragraph 20 in the agreement based upon the plain language utilized therein. The unambiguous terms in a contract should be given their plain meaning. State Farm Fire & Cas. Co. v. Metro. Dade County, 639 So.2d 63 (Fla. 3d DCA 1994). "When a contract is clear and unambiguous, "the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls."" Maher v. Schumacher, 605 So.2d 481, 482 (Fla. 3d DCA 1992). In this case, paragraph 20 clearly and unambiguously states that the "former husband shall execute full and complete releases to the Wife and Javier Perez-Abreu," her attorney. There is no ambiguity here allowing for an interpretation that permits a release of the law firm as well. Hence, it was error to order the former husband to sign a release that was wider in scope than that agreed to and specified by the parties. On remand, the parties shall execute the former husband's proposed agreement, which does not include the law firm.
Reversed and remanded.
COPE, C.J., and GREEN, J., concur.
SCHWARTZ, Senior Judge (dissenting).
For two reasons, I cannot agree with reversal. First, even the most basic requirement for judicial activity does not exist in this case. This is because no one has been able to explain how the purported releasors can, let alone will, ever be the subject of a claim against them so that the extent or existence of any release is nothing more than academic. Thus, there is simply no "case or controversy" between the parties presented by this appeal. See Dep't of Revenue v. Kuhnlein, 646 So.2d 717, 720 (Fla.1994) ("[E]very case must involve a real controversy as to the issue or issues presented."), cert. denied, 515 *228 U.S. 1158, 115 S.Ct. 2608, 132 L.Ed.2d 853 (1995); Warren Tech., Inc. v. Carrier Corp., 937 So.2d 1141 (Fla. 3d DCA 2006). To rule on the case at all, therefore, has no practical effect whatever and serves no purpose but the unworthy one of encouraging parties, in this case the appellant, who seem to desire to litigate domestic cases only for the sake of litigation and to harass the former spouse.
Even on the merits, however, I think there is no showing, as required, that the trial court abused its discretion in interpreting, under the circumstances, the phrase "full and complete release" to include the parties' law firms. See McDonald v. McDonald, 731 So.2d 132 (Fla. 4th DCA 1999) (holding that trial court did not abuse its discretion in interpreting the parties' settlement agreement which was susceptible of two reasonable interpretations).
Thus, I would dismiss the appeal; failing that, I would affirm the order under review; failing both, as is lamentably the case, I dissent.