SUAREZ, J.
Andrew J. Anthony appeals from a final order dismissing his complaint with prejudice. The only issue raised on appeal was whether the trial court correctly found that the complaint was not filed within the requisite four-year statute of limitations. We find that the complaint was timely filed and therefore reverse.
In 2004, Raquel Anthony, the appellant’s now former wife, worked in his law office, The Law Offices of Anthony and Associ *526 ates, P.A. That year, she sought divorce advice from Javier Perez-Abreu and his law firm, Perez-Abreu & Martin Lavielle, P.A. [“PAML”]. According to Anthony’s Complaint, Javier Perez-Abreu and Andy Acosta, both attorneys in PAML, and Raquel Anthony allegedly conspired to wrongfully obtain the business and financial records from Anthony’s firm for use during the divorce proceeding. The parties agree that sometime in March, 2004, Ms. Anthony allegedly wrongfully took records from Anthony’s law firm. Early in the dissolution proceedings, Anthony became aware that the documents had been taken. He raised the issue of Ms. Anthony’s wrongful taking of his business records throughout that litigation.
The dissolution litigation settled during mediation. PAML claimed that as a condition to any settlement agreement, PAML insisted upon Anthony signing a release of attorney Perez-Abreu and PAML, relating to any and all claims that he may have against them. Anthony denied he agreed to release PAML. The issue was brought before the trial court which, on January 30, 2006, ordered Anthony to sign the settlement agreement which included his release of PAML. Anthony signed the release as ordered, but timely appealed from that order and on January 3, 2007, this Court reversed, holding, as a matter of law that no lawyer, other than Perez-Abreu in his individual capacity, was to be released, and on remand that the parties were to execute Anthony’s proposed settlement agreement that did not include a release of PAML. Anthony v. Anthony, 949 So.2d 226 (Fla. 3d DCA 2007).
In December 2008, Anthony filed the present complaint for civil conspiracy against PAML and its attorney Andy Acosta, alleging that PAML, along with Acosta, concocted a plan to “wrongfully” obtain Anthony’s business records. PAML moved to dismiss, arguing that the four-year statute of limitation for civil conspiracy had run. The trial court heard argument and granted the motion without prejudice, giving Anthony fifteen days to amend his Complaint to address the statute of limitations issue. The order stated that if Anthony declined to amend, the court would dismiss the cause with prejudice. Anthony did not amend, and the trial court issued a final order dismissing the cause with prejudice. This appeal followed.
The appellees incorrectly argued to the trial court and on appeal that a cause of action for civil conspiracy[1] accrues with the first known overt act in furtherance of the conspiracy. They argue that this occurred when the ex-wife wrongfully took the business records in March 2004, or, in the alternative, when Anthony discovered the theft in September 2004, and thus the four-year statute of limitation had expired by the time the Complaint was filed in December 2008. The trial court followed this reasoning and erroneously focused on the date Anthony discovered that his ex-wife took the documents as the date that the statute of limitation began to run. But the wrongful taking of the business records is but one element of the cause of action. The cause of action does not accrue and become actionable until the final element is satisfied which, in this case, is damages. § 95.031(1), Fla. Stat. (2008) (“A cause of action accrues when the last element constituting the cause of action occurs.”); see Olson v. Johnson, 961 *527 So.2d 356, 360 (Fla. 2d DCA 2007); Young v. Ball, 835 So.2d 385 (Fla. 2d DCA 2003); Park v. City of W. Melbourne, 999 So.2d 673 (Fla. 5th DCA 2008). The final element of damages did not occur until 2005 when Anthony acceded to the divorce settlement and its financial consequences. Therefore, until that time, the statute of limitations had not begun to run.
The broad liability releases on behalf of PAML Anthony was ordered by the trial court to sign as part of the divorce settlement on January 30, 2006, legally prevented him from filing suit against PAML. In order to proceed against PAML, Anthony timely challenged the liability release on appeal. In January of 2007, this Court reversed as to the release of PAML. Anthony, 949 So.2d at 227. At that point, Anthony was free to go against PAML and Acosta for civil conspiracy because his cause of action was not complete until he could legally file suit and obtain relief, and was not final until the appeal was concluded in 2007 and the issue decided in his favor. See Park, 999 So.2d at 677.
We conclude that Anthony’s 2008 complaint is within the four-year statute of limitations for an action for civil conspiracy.[2] We thus reverse the order dismissing the complaint with prejudice and remand with instructions to reinstate Anthony’s complaint.
Reversed and remanded.

. A civil conspiracy requires: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." Raimi v. Furlong, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997).

. We note that the sole issue on appeal is whether the statute of limitations had run on the underlying cause of action. We do not address any of the other issues raised regarding whether the cause of action was properly pled, etc.