SALTER, J.
(concurring).
I concur with the conclusion that the appellant’s complaint in this case was timely filed and that the order of dismissal must therefore be reversed. I write only to note several indicia of a terminally ill lawsuit that, while it may have survived a first[3] and second brush with death, has no apparent cure in sight.
Those indicia are:
1. The appellant is an attorney who signed his own complaint and amended complaint (though later memoranda and the briefs here were signed by a junior lawyer in the small firm wholly owned by the appellant). “The old adage that ‘a lawyer who represents himself has a fool for a client’ is the product of years of experience by seasoned litigators.” Kay v. Ehrler, 499 U.S. 432, 438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991).
2. The cases arose out of (a) a dissolution of marriage proceeding brought by the former wife in 2004 and (b) the appellant’s subsequent claims against the former wife’s attorneys for allegedly counseling her to copy records from the appellant’s law office before the dissolution petition was filed. The emotional aspect of dissolution cases (particularly, as here, involving minor children) amplifies the possibility of professional misjudgment by an attorney/party. To compound the emotional aspect of the dissolution of marriage proceeding, the former wife had exploited her position as an employee in the small law office to clandestinely copy the otherwise confidential documents. She thus simultaneously sundered not only a longstanding marriage, but also a successful business relationship.
3. On the face of the amended complaint, however, there is no discernible *528 claim of actual harm to a client of the law office or to the ongoing business activities of the law office. The alleged damages[4] principally consist of increased legal expenses alleged to have been incurred by the appellant because of his need to litigate these matters against the former wife and her attorneys. Any such damages were under the appellant’s control — no litigation, no expenses. Many of the allegedly-photocopied records — appellant’s law office tax returns, for example — would have been subject to production as part of the parties’ financial disclosure to one another in any event. The trial judge in the dissolution case expressly excluded from the legal fees and costs awarded to the former wife “fees and costs generated with respect to litigating over the confidentiality of the obviously confidential records taken by the Wife from the Husband’s law practice.” The true gravamen of the amended complaint is a grievance best analyzed by The Florida Bar.
My colleagues show admirable restraint in declining to address these issues at this stage. However, for the sake of the trial court’s docket, the ability of the appellant to devote his considerable experience to more productive endeavors, and “closure” for the parties and the two minor children, I will simply recommend that the appellant share the facts and his amended complaint with a detached, experienced trial lawyer before deciding whether to resume hostilities in the trial court after remand.

. Anthony v. Anthony, 949 So.2d 226 (Fla. 3d DCA 2007). The dissent in that related matter observed that the prior reversal only encouraged the appellant to pursue litigation for its own sake "and to harass the former spouse.” Id. at 228.

. Other damages claimed in the amended complaint, such as the reduced value of a retirement account and home, do not have any apparent connection to the alleged "conspiracy.”