# Third District Court of Appeal

## State of Florida

Opinion filed February 27, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2746
Lower Tribunal No. 09-76467
_____

**Luis Tejera, et al.,**
Appellants,

vs.

**Lincoln Lending Services, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Corona Law Firm, P.A., and Ricardo Corona and Ricardo M. Corona, for appellants.

Dorta & Ortega, P.A., and Omar Ortega and Rosdaisy Rodriguez; David M. Rogero, P.A., and David M. Rogero and Yvette H. Ayala, for appellees.

Before EMAS, C.J., and SALTER and FERNANDEZ, JJ.[1]

_____

[1] Judge Salter and Judge Fernandez did not participate in oral argument.

EMAS, C.J.

## I. INTRODUCTION

Luis Tejera appeals the trial court's order dismissing with prejudice counts 19 and 21 of the operative complaint against Omar Romay ("Romay") and America-CV Network, LLC ("ACV"), as barred by the statute of limitations. We affirm without further discussion the trial court's dismissal of count 19 (alleging a claim for civil conspiracy to commit civil theft), as the trial court properly determined that count was barred by the statute of limitations.

However, we reverse the trial court's order dismissing count 21 (alleging a claim for civil conspiracy *to perpetrate fraud* in the inducement). Upon our de novo review, see Nationstar Mortg., LLC v. Sunderman, 201 So. 3d 139, 140 (Fla. 3d DCA 2015), we hold that count 21, as alleged against Romay and ACV, is an "action founded upon fraud," thereby permitting application of the delayed discovery doctrine in determining when the statute of limitations period began to run.

## II. THE ALLEGATIONS OF THE COMPLAINT

"A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party." The Florida Bar v. Greene, 926 So. 2d 1195 (Fla. 2006); Susan Fixel, Inc. v.

2

Rosenthal & Rosenthal, Inc., 842 So. 2d 204 (Fla. 3d DCA 2003).[2] Accepting as true all allegations of the operative complaint, Luis Tejera and others were victims of an illegal mortgage rescue scheme devised and perpetrated by Lincoln Lending Services, LLC, and several related individuals and entities (collectively "the Lincoln Defendants"). This scheme consisted of collecting illegal up-front fees from individuals, such as Tejera, who were in need of "mortgage rescue services," but after collecting payment, those services were never provided because the scheme was "designed to steal money from consumers."

In furtherance of this scheme, the Lincoln Defendants advertised their services on Channel 41 in Miami, Florida, which was operated by Okeechobee Television Corporation,[3] a company owned by Romay, and alleged to be Romay's "alter ego." This television advertising provided the medium for the scheme, and enticed Tejera and the purported class members to use the services offered by the Lincoln

---

[2] The affirmative defense of statute of limitations is generally a matter to be raised in an answer and not a motion to dismiss. However, where the facts constituting that defense affirmatively appear on the face of the complaint and establish conclusively that the action is barred as a matter of law, it may be raised and considered in a motion to dismiss. Grove Isle Ass'n, Inc. v. Grove Isle Associates, LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014). But because an affirmative defense may be avoided by facts alleged in a reply to the affirmative defense, dismissal is warranted only if the allegations of the complaint conclusively negate a plaintiff's ability to plead facts in avoidance of the statute of limitations defense. Id.; Rigby v. Liles, 505 So. 2d 598, 601 (Fla. 1st DCA 1987).

[3] Tejera alleged that ACV's corporate predecessor was Okeechobee.

Defendants. The success of the scheme depended on this "heavy rotation of advertising."

At some point, Romay was made aware that the Lincoln Defendants were not performing any of the advertised services, but Romay became "a willing co-conspirator in the mortgage rescue fraud scheme" and "continued to air the heavy rotation of advertisements for the fraudulent mortgage rescue conspiracy." In March 2009, the Florida Attorney General commenced a civil action against Lincoln Lending and its managing member for this fraudulent scheme and obtained a temporary injunction prohibiting Lincoln Lending from operating a mortgage rescue business.

Tejera filed the instant lawsuit as a class action against the Lincoln Defendants, alleging claims of unfair and deceptive trade practices and civil theft. After several amendments, a fifth amended complaint was filed alleging claims against Romay and ACV for civil conspiracy to commit civil theft (count 19) and civil conspiracy to perpetrate fraud in the inducement (count 21). Tejera further alleged that he could not have discovered the facts giving rise to an action against Romay and ACV until April 2012.[4]

---

[4] Tejera first added Romay and ACV as defendants in an amended complaint filed in October 2013.

ACV and Romay filed motions to dismiss these counts, contending that the claims were barred by the four-year statute of limitations for civil conspiracy. As to count 21, alleging civil conspiracy to perpetrate fraud in the inducement, Tejera acknowledged a four-year statute of limitations applied, but contended that the delayed discovery doctrine also applied, and that the four-year limitations period did not begin to run until the date when the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence (which, as Tejera alleged in the complaint, was not until April 2012). Following a hearing, the trial court dismissed, with prejudice, count 21 against Romay and ACV.

## III. DISCUSSION

### a. The Delayed Discovery Doctrine

While fraud claims are subject to a four-year statute of limitations (see section 95.11(3), Fla. Stat. (2009)), when that four-year limitations period *begins to run* depends upon the application of the delayed discovery doctrine. The Florida Legislature enacted section 95.031(2)(a), which codified the delayed discovery doctrine, and provides:

> **An action founded upon fraud** under s. 95.11(3), including constructive fraud, must be begun within the period prescribed in this chapter, **with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence**, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date

5

of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.

(Emphasis added).

This court and others have expressly held that the delayed discovery doctrine applies to a claim for fraud in the inducement. See Brooks Tropicals, Inc. v. Acosta, 959 So. 2d 288 (Fla. 3d DCA 2007); Tyson v. Viacom, Inc., 890 So. 2d 1205 (Fla. 4th DCA 2005).

Romay and ACV contended below, and on appeal, that because count 21 is a civil *conspiracy* claim, it is subject to a four-year statute of limitations.[5] More to the point, they contend that the delayed discovery doctrine is inapplicable because, if properly characterized as a civil conspiracy claim, count 21 is necessarily not an "action founded upon fraud."

### b. *Monahan, Young, Olson and Flatirons*

For this proposition, Romay and ACV rely upon Davis v. Monahan, 832 So. 2d 708 (Fla. 2002). However, Monahan does not support, and in fact undercuts, this legal proposition. Further, appellees' argument avoids the central issue here: regardless of what period of limitations applies to a civil conspiracy claim, the discrete question presented is whether count 21 is an "action founded upon fraud,"

---

[5] For this assertion, Romay and ACV rely upon section 95.11(*o*), Florida Statutes (2009) which provides a four-year limitations period for an "action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort . . . ."

6

which is key to determining the applicability of delayed discovery doctrine. Indeed, this much is clear from the Florida Supreme Court's discussion in Monahan.

In Monahan, the plaintiff filed suit against her sister and niece, alleging claims for "breach of fiduciary duty, civil theft, conspiracy, conversion and unjust enrichment, arising from the wrongful taking of cash, stocks, bonds, interest, dividends, and pension and social security payments." Id. at 708-09. The question presented was "whether the delayed discovery doctrine, which delays the commencement of the statute of limitations, is applicable to these causes of action." The Florida Supreme Court held:

> The delayed discovery doctrine does not apply **to the claims alleged in this case**. The Florida Legislature has stated that a cause of action accrues or begins to run when the last element of the cause of action occurs. **An exception is made for claims of fraud** and products liability in which the accrual of the causes of action is delayed until the plaintiff either knows or should know that the last element of the cause of action occurred.

Id. at 709. (Emphasis added.)

Importantly, the Court did not hold that the delayed discovery doctrine is inapplicable to every claim of civil conspiracy, noting that the doctrine did not apply in the instant claim because "Monahan did not allege fraud, so there was no specific allegation that [the defendants'] actions caused Monahan's delayed discovery." Id. at 712 (emphasis added). This analysis was followed in Young v. Ball, 835 So. 2d 385, 386 n.3 (Fla. 2d DCA 2003), in which our sister court held that the delayed

7

discovery doctrine did not apply to the plaintiff's claim for civil conspiracy, noting: "On appeal, all parties address Young's causes of action as if they sounded in fraud. However, the complaint alleges civil conspiracy <u>and does not mention fraud</u>." <u>Id.</u> at 386 n.3 (emphasis added).

This much is implicit in the <u>Monahan</u> and <u>Young</u> decisions: the mere fact that the claim is framed as a civil conspiracy (and therefore subject to a four-year statute of limitations) does not end the analysis. The next and separate question is when did that four-year limitations period *begin to run*? In answering that question, we must determine whether the claim as alleged is an "action founded upon fraud." We answer that question in the affirmative, and hold that the trial court erred in dismissing count 21 with prejudice based upon the expiration of the statute of limitations.

Appellees also rely upon <u>Olson v. Johnson</u>, 961 So. 2d 356 (Fla. 2d DCA 2007) for their contention that the delayed discovery doctrine does not apply to this cause of action for conspiracy to commit fraud in the inducement. This reliance, however, is misplaced. In <u>Olson</u>, the plaintiff sued for, *inter alia*, malicious prosecution and civil conspiracy to commit malicious prosecution. In addressing whether these actions were barred by the statute of limitations, our sister court observed, unremarkably, that "[t]he statute of limitations for both malicious prosecution and civil conspiracy is four years." <u>Id.</u> at 359.

However, the question presented in this case is <u>not</u> whether a four-year statute of limitations applies to this claim; Tejera concedes this very point, because whether count 21 is characterized for limitations purposes as a claim for conspiracy or one for fraud, each is subject to a four-year statute of limitations. <u>See</u> § 95.11(3)(*o*) (establishing four-year statute of limitations for intentional torts not otherwise covered by this section); § 95.11(3)(j) (establishing four-year statute of limitations for fraud). Rather, the relevant question is *when* that four-year period *began to run*, and whether Tejera is authorized by section 95.031(2)(a) to rely on the delayed discovery doctrine because this claim, regardless of its conspiratorial character, is an "action founded upon fraud." There can be no doubt that Tejera's claim for conspiracy to perpetrate fraud in the inducement alleges an action founded upon fraud, and this conclusion is buttressed by case law addressing the concept of civil conspiracy in Florida.

Nor does our recent decision in <u>Flatirons Bank v. Alan W. Steinberg Ltd. P'ship.</u>, 233 So. 3d 1207 (Fla. 3d DCA 2017) lend support to appellees' position. Here are the salient facts taken from the majority opinion in <u>Flatirons</u>:

Mark Yost was the former board chairman and president of Flatirons Bank. In 2009, Yost arranged for Flatirons to issue bogus lines of credit, enabling Yost to steal nearly $4 million from Flatirons. These funds were then transferred to entities owned or controlled by Yost, including an entity called the Yost Partnership, a

limited partnership and investment vehicle which operated from 1991 until 2010. The Alan W. Steinberg Limited Partnership (Steinberg) was a limited partner of, and investor in, the Yost Partnership. From 2000 to 2004, Steinberg had invested $2.2 million in the Yost Partnership.

Flatirons discovered Yost's fraud in 2010, and their investigation revealed that a year earlier Yost had transferred $1 million to Steinberg. In an attempt to recoup the funds embezzled by Yost, Flatirons filed a claim against Steinberg for unjust enrichment, seeking the $1 million Yost had transferred to Steinberg.

Steinberg answered and, as an affirmative defense, asserted that Flatirons's unjust enrichment claim was barred by the four-year statute of limitations. The matter proceeded to trial and, following trial, the trial court determined that the action was barred by the statute of limitations. The trial court found that the delayed discovery doctrine did not apply to Flatirons's unjust enrichment claim against Steinberg.

This court affirmed the trial court's determination. In doing so, however, we noted the following findings by the trial court, which distinguish <u>Flatirons</u> from the instant case:

- **<u>Flatirons and Steinberg had no relationship with each other;</u>**

- **<u>Steinberg received the $1,000,000.00 in good faith and without knowledge of Yost's fraud</u>**;

10

- Upon receiving the $1,000,000.00 transfer, Steinberg actually suffered a net loss of approximately $1,200,000.00 as a result of the Yost Partnership's fraud and misconduct;

- As a result of Steinberg's investment into the Yost Partnership, Steinberg had paid adequate consideration for the $1,000,000.00 that the Yost Partnership transferred to Steinberg; and

- Flatirons conferred no direct benefit on Steinberg.

Flatirons, 233 So. 2d at 1210 (emphasis added).

While these findings are relevant to the determination that Flatirons failed to establish unjust enrichment, the first two (highlighted) findings also reveal why we concluded that the delayed discovery doctrine did not apply to the claim against Steinberg:

> While a feature of Flatirons's unjust enrichment claim might have been Yost's fraud and deceit, Flatirons's unjust enrichment claim *against Steinberg* is not "founded upon fraud" so as to implicate Florida's delayed discovery doctrine.

Id. at 1213.

In other words, in Flatirons, the bank did not contend that Steinberg had engaged in any fraudulent activity, but instead contended merely that Steinberg was the recipient of funds which were embezzled by Yost (the fraudster) and later transferred to Steinberg, a non-fraudster who acted in good faith and who had no relationship with Yost.

11

In the absence of any allegation of fraud or fraudulent conduct by Steinberg, or a conspiratorial relationship between Yost and Steinberg, the claim against Steinberg could not qualify as an "action founded upon fraud," and, accordingly, the delayed discovery doctrine could not be invoked as against a statute of limitations defense.

By contrast, the very different facts alleged here necessarily lead to a very different result. Tejera has alleged that Romay and ACV engaged in a conspiracy to perpetrate fraud; that they knowingly committed fraudulent acts in furtherance of that conspiracy; and that Tejera could not have discovered the facts giving rise to this cause of action against Romay and ACV until April 2012.

A final legal principle applies to our analysis: There is no freestanding cause of action in Florida for "civil conspiracy." In order to state a claim for civil conspiracy, a plaintiff must allege an underlying independent tort. The conspiracy is merely the vehicle by which the underlying tort was committed, and the allegations of conspiracy permit the plaintiff to hold each conspirator jointly liable for the actions of the coconspirators. As we reaffirmed in Banco de los Trabajadores v. Cortez Moreno, 237 So. 3d 1127, 1136 (Fla. 3d DCA 2018):

> Florida does not recognize civil conspiracy as a freestanding tort. SFM Holdings Ltd. v. Banc of Am. Secs., LLC, 764 F.3d 1327, 1338-39 (11th Cir. 2014) (applying Florida law). The gist of a civil conspiracy is not the conspiracy itself, but the underlying civil wrong occurring pursuant to the conspiracy and which results in the plaintiff's damages. Marriott Int'l, Inc., v. Am. Bridge Bahamas, Ltd., 193 So. 3d 902, 909

12

(Fla. 3d DCA 2015). The conspiracy does not give rise to an independent cause of action, but is a device to allow a plaintiff to spread liability to those involved in causing the underlying tort. Lorillard Tobacco Co. v. Alexander, 123 So. 3d 67, 80 (Fla. 3d DCA 2013) (observing: "Conspiracy is not a separate or independent tort but is a vehicle for imputing the tortious acts of one coconspirator to another to establish joint and several liability.") (quoting Ford v. Rowland, 562 So. 2d 731, 735 n.2 (Fla. 5th DCA 1990)). The conspiracy therefore, is inextricably linked with the underlying tort. Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So. 2d 949, 950-51 (Fla. 3d DCA 1984).

Given that there is no freestanding cause of action for civil conspiracy, we must conclude that count 21, as pleaded by Tejera, is an action founded upon fraud.

## IV. CONCLUSION

Because Tejera's claim of conspiracy to perpetrate fraud in the inducement alleged an action "founded upon fraud," section 95.031(2)(a)'s delayed discovery doctrine may properly be invoked in determining when the statute of limitations began to run on this claim. The trial court erred in dismissing this count with prejudice, as barred by the statute of limitations, where Tejera's complaint alleged that he could not have discovered the facts giving rise to this claim against Romay and ACV until April 2012.[6]

Affirmed in part, reversed in part, and remanded for further proceedings.

---

[6] Because this issue was decided at the motion-to-dismiss stage, we must accept this allegation as true and all reasonable inferences must be construed in favor of Tejera. The Florida Bar v. Greene, 926 So. 2d 1195 (Fla. 2006). We express no opinion on the merits of this allegation or whether Tejera ultimately can establish he did not discover, and in the exercise of due diligence could not have discovered, the facts giving rise to his claim against Romay and ACV until April 2012.