832 So.2d 708 (2002)
Elizabeth L. DAVIS, Petitioner,
v.
Helen K. MONAHAN, Respondent.
No. SC01-1157.
Supreme Court of Florida.
November 7, 2002.
Gregg W. McClosky and David J. Pascuzzi of McClosky, D'Anna, Ioannou & Dieterle, LLP, Boca Raton, FL, for Petitioner.
Amy D. Shield of Amy D. Shield, P.A., Boca Raton, FL; and Barry A. Eisenson of the Law Office of Barry A. Eisenson, Coconut Creek, FL, for Respondent.
QUINCE, J.
We have for review Monahan v. Davis, 781 So.2d 436 (Fla. 4th DCA 2001), which expressly and directly conflicts with the opinions in Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment Co., 793 So.2d 1127 (Fla. 5th DCA 2001), and Halkey-Roberts Corp. v. Mackal, 641 So.2d 445 (Fla. 2d DCA 1994), on the issue of whether the delayed discovery doctrine, which delays the commencement of the statute of limitations, is applicable to these causes of action. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we quash the Fourth District's decision holding that the delayed discovery doctrine does operate to bring Monahan's causes of action within the statute of limitations. We reinstate the trial court's order of partial final summary judgment in favor of the petitioner.

Facts
The following facts are taken from the Fourth District's opinion:
Helen Monahan is an elderly woman who suffers from senile dementia. Her niece, Barbara Sadler, was appointed her guardian in February, 1999. Beginning in 1997, Monahan filed suits against various family members concerning their misappropriation of her financial assets. In April, 1998, the court entered a final judgment against three nieces to quiet title to a condominium.
Monahan's fifth amended complaint contained six counts seeking damages from her sister Betty Kish and her niece Elizabeth Davis. The counts included breach of fiduciary duty, civil theft, conspiracy, *709 conversion, and unjust enrichment, arising from the wrongful taking of cash, stocks, bonds, interest, dividends, and pension and social security payments. After her husband died, Monahan placed her financial affairs in the hands of Kish and Davis. The complaint estimated that Kish and Davis wrongfully appropriated $587,267 of Monahan's assets. A paragraph of the complaint asserted that the statute of limitations did not bar the action because Monahan did not find out about the misappropriations until October, 1995, when she first discovered that Davis had wrongfully attempted to transfer partial title to the Florida condominium.
Monahan, 781 So.2d at 437. The fifth amended complaint was filed on April 15, 1998. The trial court granted partial final summary judgment, dismissing Monahan's case against Elizabeth Davis (Davis) with prejudice, and barring recovery against Betty Kish (Kish) for tortious acts that occurred before 1994. The trial court ruled that the causes of action for breach of fiduciary duty, conversion, civil conspiracy, and unjust enrichment were barred by a four-year statute of limitations, but the cause of action for civil theft, with a five-year statute of limitation, was not barred.
On appeal, the Fourth District Court of Appeal reversed. The Fourth District held that "genuine issues of material fact remain as to whether the `delayed discovery' doctrine applies to bring Monahan's causes of action within the statute of limitations." Monahan, 781 So.2d at 437. The Fourth District relied on Hearndon v. Graham, 767 So.2d 1179 (Fla.2000), where we applied the delayed discovery doctrine to intentional torts arising from childhood sexual abuse of the plaintiff. See Id. at 1182. The Fourth District found that the application of the delayed discovery doctrine is not limited to the factual situation in Hearndon, and then extended the doctrine to this case.

Delayed Discovery Doctrine
We quash the decision of the Fourth District because the delayed discovery doctrine does not apply to the claims alleged in this case. The Florida Legislature has stated that a cause of action accrues or begins to run when the last element of the cause of action occurs. An exception is made for claims of fraud and products liability in which the accrual of the causes of action is delayed until the plaintiff either knows or should know that the last element of the cause of action occurred.[1] The Legislature has also imposed a delayed discovery rule in cases of professional *710 malpractice, medical malpractice, and intentional torts based on abuse.
Section 95.11(4), Florida Statutes (Supp. 2000), provides:
Actions other than for recovery of real property shall be commenced as follows:
....
(4) WITHIN TWO YEARS.
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence ....
....
(7) FOR INTENTIONAL TORTS BASED ON ABUSE.An action founded on alleged abuse, as defined in s. 39.01, s. 415.102, or s. 984.03, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.
(Emphasis added.) Aside from the provisions above for the delayed accrual of a cause of action in cases of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse, there is no other statutory basis for the delayed discovery rule.
In Hearndon, we applied the delayed discovery doctrine to the plaintiff's cause of action against her stepfather for injuries resulting from childhood sexual abuse. We explained the difference between the delayed accrual of a cause of action and the tolling of limitations once the limitations period is triggered. We cited the specific statutory grounds for tolling the limitations period and recognized that lack of memory was not among those enumerated grounds. Although the Legislature did not specifically provide for delayed accrual, we reasoned that in the narrow circumstance of lack of memory in childhood sexual abuse cases, the doctrine was appropriate because the lack of memory was caused by the abusera situation similar to the statutory circumstances to which the doctrine applies. See Hearndon, 767 So.2d at 1185-86.
In this case, the Fourth District interpreted Hearndon broadly, calling the delayed discovery doctrine a common law remedy and holding that "[n]othing limits the application of the doctrine to the causes of action at issue in this case." Monahan, 781 So.2d at 438. Once the Fourth District extended the delayed discovery doctrine to causes of action for breach of fiduciary duty, civil theft, conspiracy, conversion and unjust enrichment arising out of the wrongful taking of Monahan's assets,[2] the Fourth District then found that there was a question of fact whether Monahan knew, or reasonably should have known, of the wrongful acts earlier, reversed the summary judgment, and remanded the case for trial. No other Florida Court has interpreted Hearndon as broadly.
*711 In fact, the Fifth District has specifically refused to extend the doctrine, which properly gives rise to the basis of conflict jurisdiction in this case. See Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment Co., 793 So.2d 1127 (Fla. 5th DCA 2001). In Yusuf Mohamad, the Fifth District considered whether the delayed discovery doctrine would operate to delay the accrual of a cause of action for tortious interference with a business relationship and unfair and deceptive trade practice claims. The Fifth District held that Hearndon was intended to be limited to its unique facts. Relying upon Federal Insurance Co. v. Southwest Florida Retirement Center, 707 So.2d 1119 (Fla.1998), the Fifth District applied the principles of statutory construction, and found that it was clear the Legislature did not intend for the doctrine to apply to all causes of action. To decide otherwise, the Fifth District reasoned, would require the court to write into the statute a delayed discovery rule even though the Legislature had not done so. See Yusuf Mohamad, 793 So.2d at 1127. The Fifth District distinguished Hearndon by likening Hearndon with cases of fraud or where the defendant's wrongful conduct causes a mental condition which results in the plaintiff's delay in filing suit.
In so doing, the Fifth District followed the Second District's decision in Halkey-Roberts Corp. v. Mackal, 641 So.2d 445 (Fla. 2d DCA 1994). In Halkey-Roberts, the Second District considered section 95.031, and held that the delayed discovery rule could not operate to delay the accrual of a cause of action for the intentional tort of breach of fiduciary duty because this cause of action is not specified in the statute. We find the Fifth District's rationale to be the better view. To hold otherwise would result in this Court rewriting the statute, and, in fact, obliterating the statute.
We have considered Monahan's suggestion that Yusuf Mohamad and Halkey-Roberts can both be distinguished from the facts in this case because those cases involve arms-length commercial transactions, whereas this case involves a personal, family power of attorney. Monahan provides no legal theory or authority to support this distinction. We have also considered Monahan's arguments that California has extended the delayed discovery doctrine to causes of action arising out of principal-agent relationships involving a power of attorney and to cases involving confidential and fiduciary relationships. However, California's statutory scheme is different from that in Florida and our application of the delayed discovery doctrine is in accord with Florida law.
Monahan relies on case law from Iowa and Nebraska which, she argues, supports her position that when there is an agency relationship, the statute of limitations for claims arising out of that relationship begins to run from the time the agency is terminated. While the Florida Legislature created a statute codifying the limitations period for claims against a trustee, which is triggered after the beneficiary receives an accounting, there is no similar statutory provision in the case of an agency relationship. See § 737.307, Fla. Stat. (2001). The Legislature could have enacted a similar provision applicable to agency relationships but chose not to do so. The Iowa and Nebraska cases cited by Monahan are therefore not persuasive.
Monahan also relies on cases from New York which hold that, in the case of a principal-agent relationship, the cause of action accrues when a demand for an accounting is made. Davis responds that the rule of law set forth in the New York cases is based on New York statutory law which provides that the limitations period in an action against a trustee, agent, attorney, *712 or other person acting in a fiduciary capacity arising from their detention of money or property begins to run upon demand or upon discovery of the cause of action. See N.Y.C.P.L.R. § 206(a) (McKinney 1990). There is no similar statutory provision in Florida. The fact that New York has a specific statute allowing the delayed discovery rule in these types of relationships only illustrates the need for legislative action if expansion of the doctrine is desirable.
While we applied the delayed discovery doctrine to causes of action arising out of childhood sexual abuse and repressed memory in Hearndon, we did so only after considering the unique and sinister nature of childhood sexual abuse, as well as the fact that the doctrine is applicable to similar cases where the tortious acts cause the delay in discovery. We also considered the Legislature's endorsement in amending section 95.11(7), Florida Statutes (1999), to include intentional torts based on abuse and the fact that the application of the doctrine among the states is both the majority rule and modern trend. In this case, there is no modern trend or statutory endorsement, and Monahan did not allege fraud, so there was no specific allegation that Davis or Kish's actions caused Monahan's delayed discovery.
The majority of the transactions complained of occurred from 1990 to 1992. The initial complaint was filed in 1997. Because the Florida statutory scheme does not allow for the delayed discovery rule in this particular type of case, and Hearndon is limited to the specific facts in that case, we quash the Fourth District's decision and reinstate the trial court's order granting limited summary judgment.
It is so ordered.
ANSTEAD, C.J., SHAW and WELLS, JJ., and HARDING, Senior Justice, concur.
LEWIS, J., concurs in result only.
PARIENTE, J., recused.
NOTES
[1] Section 95.031, Florida Statutes (Supp. 2000), provides:

95.031 Computation of time.Except as provided in subsection (2) and in s. 95.051 and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.
(1) A cause of action accrues when the last element constituting the cause of action occurs....
(2)(a) An action for fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered within the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.
(b) An action for products liability under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered within the exercise of due diligence, rather than running from any other date prescribed elsewhere in s. 95.11(3), except as provided within this subsection.
(Emphasis added.)
[2] We view Monahan's complaint in a light most favorable to her case. See Nova Southeastern University, Inc. v. Gross, 758 So.2d 86 (Fla.2000).