965 So.2d 1222 (2007)
James PATTEN, Appellant,
v.
Harry WINDERMAN, Appellee.
No. 4D06-4304.
District Court of Appeal of Florida, Fourth District.
September 26, 2007.
Rehearing Denied November 2, 2007.
*1223 Robert A. Shupack of Robert Shupack Law Office, Boca Raton, for appellant.
Harry Winderman, Boca Raton, pro se.
HAZOURI, J.
On January 9, 2006, James Patten filed a two-count complaint against Harry Winderman, Esquire, a licensed Florida attorney, alleging a constructive trust and resulting trust arising out of an arrangement whereby Patten sent a total of $65,000 to Winderman's trust account to be held in trust regarding a proposed stock option agreement involving a third party. Winderman filed a motion to dismiss arguing that the complaint failed to state a cause of action upon which relief could be granted because a constructive trust and resulting trust are remedies and not causes of action. Winderman also claimed that all potential causes of action would be barred by the statute of limitations. The trial court granted the motion to dismiss without prejudice for Patten to amend his complaint, ordering that the amended complaint allege dates of accrual of the causes of action.
Subsequently, the trial court, without prejudice, granted several more motions to dismiss filed by Winderman, and Patten filed amended complaints accordingly. The only counts remaining in Patten's third and final amended complaint were for breach of fiduciary duty and an accounting.
Winderman filed a second amended motion for summary judgment raising one ground. He argued that Patten's actions were barred by section 95.11, Florida Statutes (2006), claiming that accounting and breach of fiduciary duty are intentional torts governed by the four-year statute of limitations. See § 95.11(3)(o), Fla. Stat. (2006). Winderman also filed an answer and affirmative defenses, including the statute of limitations.
The trial court granted Winderman's motion for summary judgment, and entered final summary judgment in favor of Winderman, stating: "Specifically, this court's decision is based on the principle of law that the delayed discovery doctrine does not apply to the claims alleged in this case, pursuant to Davis v. Monahan, 832 So.2d 708 (Fla.2002)."
*1224 The issue on appeal is whether the trial court properly entered summary judgment in favor of Winderman on the ground that the statute of limitations barred Patten's breach of fiduciary duty and accounting causes of action. We affirm.
"The standard of review of an order granting summary judgment is de novo." Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). The party moving for summary judgment has the burden of proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citations omitted).
Biggins v. Fantasma Prods., Inc. of Fla., 943 So.2d 952, 955-56 (Fla. 4th DCA 2006).
Patten argues, citing Heckman v. City of Oakland Park, 644 So.2d 525, 526 (Fla. 4th DCA 1994), that the trial court erred in entering final summary judgment on the breach of fiduciary duty count because the cause of action did not accrue until January 7, 2004, when he received an email from Iammuno, the owner of the company issuing the stock at issue in this case, notifying him that the $65,000 in Winderman's trust account was not used to purchase the stock, as agreed.[1] We disagree.
In the instant case, there are no genuine issues of material fact remaining as to when the last element of the breach of fiduciary duty cause of action occurred. "The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Gracey v. Eaker, 837 So.2d 348, 353 (Fla.2002) (citations omitted). According to Patten's own deposition testimony, he first became aware in 2000 from Iammuno that Winderman had released the $65,000 to Iammuno's company, but the shares of stock had not been delivered to Patten accordingly. In 2000, Patten began to ask Iammuno about what happened to his money. Thus, the alleged breach by Winderman and resulting damages must have occurred in 2000, or prior to that time, which was six years before Patten first filed suit, and well beyond the four-year statute of limitations period.
Patten also argues that the delayed discovery doctrine applies to this case because he first learned of possible wrongdoing by Winderman on January 7, 2004, via an email from Iammuno, in which Iammuno advised Patten that the $65,000 was not used to purchase the stock. "The `delayed discovery' doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." Hearndon v. Graham, 767 So.2d 1179, 1184 (Fla.2000). However, the trial court properly determined that the delayed discovery doctrine does not apply to Patten's breach of fiduciary duty count, on the authority of Davis. In Davis, the Florida Supreme Court addressed a conflict between the district courts of appeal concerning whether the delayed discovery doctrine applies to various causes of action, including *1225 breach of fiduciary duty. The Court agreed with the Fifth District's decision in Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment, Co., 793 So.2d 1127 (Fla. 5th DCA 2001). The Davis court recognized:
[In reaching its decision in Yusuf], the Fifth District followed the Second District's decision in Halkey-Roberts Corp. v. Mackal, 641 So.2d 445 (Fla. 2d DCA 1994). In Halkey-Roberts, the Second District considered section 95.031, and held that the delayed discovery rule could not operate to delay the accrual of a cause of action for the intentional tort of breach of fiduciary duty because this cause of action is not specified in the statute. We find the Fifth District's rationale to be the better view. To hold otherwise would result in this Court rewriting the statute, and, in fact, obliterating the statute.
Davis, 832 So.2d at 711.
Patten argues next that the trial court erred in entering final summary judgment in favor of Winderman on the accounting count because an accounting is an equitable action subject to the common-law doctrine of laches, which creates an issue of fact as to whether any delay in asserting this claim was unreasonable. We disagree.
Patten relies on Nayee v. Nayee, 705 So.2d 961 (Fla. 5th DCA 1998), where the Fifth District explained:
As an equitable action, an action for an accounting against a trustee was historically governed by the concept of common-law laches, not by statutes of limitations. Common-law laches requires a showing of an unreasonable delay in asserting a known right which causes undue prejudice to the party against whom a claim is asserted. Life Marketing, Inc. v. A.I.G. Life Ins. Co., 588 So.2d 663 (Fla. 5th DCA 1991).
Nayee, 705 So.2d at 963; see also Ashemimry v. Ba Nafa, 778 So.2d 495, 498 (Fla. 5th DCA 2001) (citations omitted) ("While accounting suits may be prosecuted at law, they are generally considered equitable in nature. Where a fiduciary or trust relationship exists, an action for an accounting is considered equitable in nature without regard to other considerations."). Although Patten's claim for an accounting is an equitable action, it concerns the same subject matter as his claim for breach of fiduciary duty. Therefore, his claim that laches applies to his accounting claim fails because section 95.11(6), Florida Statutes (2006), provides in pertinent part:
Laches shall bar any action unless it is commenced within the time period provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay. . . .
Based on the foregoing, we affirm the trial court's entry of final summary judgment in favor of Winderman on both counts of Patten's complaint.
Affirmed.
GUNTHER, J., and METZGER, ELIZABETH A., Associate Judge, concur.
NOTES
[1] Patten and Winderman agree that breach of fiduciary duty is an intentional tort subject to a four-year statute of limitations. See § 95.11(3)(o), Fla. Stat. (2006); Berg v. Wagner, 935 So.2d 100, 102 (Fla. 4th DCA 2006).