SUAREZ, J.
John Cisko, as personal representative of the Estate of Frederick Anthony Cisko, and John Doe appeal the entry of final summary judgment based on the determination that the statute of limitations bars their negligence claim against the Diocese of Steubenville. We affirm.
In May 2009, the appellants sued the Diocese for negligence related to physical and sexual abuse they allegedly suffered between 1966 and 1967 by two priests under the Diocese’s supervision. The complaint alleges the events produced traumatic amnesia that blocked their memory of the abuse until May 2005. The Diocese moved for summary judgment, claiming the four-year statute of limitations barred the action. See § 95.11(3)(a), Fla. Stat. (2006). The appellants argued the action was permissible under the delayed discovery doctrine as applied in Hearndon v. Graham, 767 So.2d 1179 (Fla.2000). The trial court concluded Heam-don did not apply to a negligence action and entered summary judgment. It reasoned the Supreme Court intended to limit Heamdon to intentional tort actions against the perpetrator of childhood sexual abuse. We agree and affirm.
A plain reading of Heamdon makes clear the holding is limited to its specific historical and procedural facts. The plaintiff in Heamdon brought an intentional tort action against her stepfather for sexual abuse she suffered by him as a child. Id. at 1181. She alleged the trauma caused her to suppress her memory of the events for many years, only recalling them later as an adult. Id. The trial court and the district court of appeal determined the statute of limitations barred her action. Id. at 1181-82. The Florida Supreme Court, however, allowed the action to stand under the delayed discovery doctrine based on the plaintiffs allegations of traumatic amnesia. Id. at 1186. The opinion strongly suggests the holding hinges not only on these specific allegations but also on the specific cause of action: a suit for intentional tort against the perpetrator. See id. at 1186 (“We therefore hold that the delayed discovery doctrine applies to the accrual of the instant came of action based on a claim of childhood sexual abuse accompanied by traumatic amnesia .... ” (emphasis added)).
This reading finds further support in the Court’s statements in Davis v. Monahan, 832 So.2d 708 (Fla.2002). There, the Court explained the narrow application of Heamdon and stated it was limited to its specific facts. It described Heamdon as “where we applied the delayed discovery doctrine to intentional torts arising from childhood sexual abuse of the plaintiff.” Id. at 709. The Court further explained its considerations in reaching that holding:
*85 While we applied the delayed discovery doctrine to causes of action[1] arising out of childhood sexual abuse and repressed memory in Heamdon, we did so only after considering the unique and sinister nature of childhood sexual abuse.... We also considered the Legislature’s endorsement in amending section 95.11(7), Florida Statutes (1999), to include intentional torts based on abuse....
Davis, 832 So.2d at 712.
Here, as in Davis, there is no statutory endorsement. In fact, in more than ten years since enacting section 95.11(7), the legislature has not extended the limitations period to causes of action other than intentional torts. Our holding today also accords with the Fourth District Court of Appeal’s interpretation of section 95.11(7) and Heamdon. See Doe v. Sinrod, 90 So.3d 852, 854 (Fla. 4th DCA 2012) (declining to apply tolling provisions under section 95.11(7), Fla. Stat. (2011), to negligence action against school board based on alleged sexual abuse by school board employee). Although the appellants make compelling arguments, we conclude the requested relief is a matter for legislative consideration.
Affirmed.

. We note that the Court refers to the plural "causes of action” although Heamdon involved a single allegation of intentional tort. See Hearndon, 767 So.2d at 1181 (discussing the trial court’s determination that "the alleged cause of action” was time-barred). In light of the Court’s reiterations that Heamdon is limited to its specific facts, we decline to interpret this statement as suggesting otherwise.