DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VALERIY BOGATOV**, as Father and Representative of ALEX BOGATOV,
Appellant,

v.

**CITY OF HALLANDALE BEACH** and **KIDZ ZONE PLAYSYSTEMS, INC.,**
Appellees.

No. 4D14-4694

[May 25, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 12-18354 (25).

Justin R. Parafinczuk and Marcus J. Susen of Koch, Parafinczuk, & Wolf, P.A., Fort Lauderdale, for appellant.

Michael R. D'Lugo of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, for appellee Kidz Zone Playsystems, Inc.

CONNER, J.

The appellant, the father of a two-year-old child injured while playing at a city park playground, appeals the trial court's order granting summary judgment in favor of the appellee, the manufacturer of a jungle gym at the playground. The appellant raises several issues asserting trial court error. Because we find merit in the argument that there were genuine issues of material fact which preclude summary judgment, we reverse the summary judgment and remand for further proceedings, without discussing the merits of the other issues.

*Factual Background and Trial Court Proceedings*

The appellant filed an initial complaint against the City of Hallandale Beach claiming that the City's negligence in maintaining the park led to the child's injuries. The appellant alleged that: "While on the jungle gym, [the child] fell from a short distance off the jungle gym onto the unprotected hard surface directly underneath the jungle gym," which caused "a fractured left femur bone and multiple contusions to the left leg, restraining [the child] to a wheelchair for several months."

Subsequently, the appellant filed an amended complaint, adding the appellee as a defendant. In the amended complaint, the appellant added causes of action against the appellee in multiple counts asserting various theories of liability because the appellee "manufactured and designed" the jungle gym from which the child fell. The appellant further alleged that "[a]t the time that the Jungle gym was sold, the product was defective and unsafe for its intended purpose because of defects in its design," pointing specifically to "the lack of adequate handles used for grasping." The appellant claimed that this defect resulted in the child's injuries.

The appellee moved for summary judgment, arguing that its equipment was not the cause of the child's injuries. As support for its argument, the appellee pointed to two sources of information: (1) the deposition of the child's nanny, the only known eyewitness to the child's fall, who stated that the child was not on the jungle gym when he fell, but, rather, running around the park; and (2) the appellant's expert's report, wherein the expert "opined [that] the reasoning behind and main contributing factor to the injury to [the child] was the failure of the City of Hallandale Beach to have the adequate amount of wood chips on the playground surface, as prescribed by industry standards." In response to the motion, the appellant submitted several affidavits, reports, and documents opposing summary judgment. The trial court granted summary judgment without stating its reasoning. The appellant gave notice of appeal.

*Appellate Analysis*

"'The standard of review of an order granting summary judgment is de novo.'" *Patten v. Winderman*, 965 So. 2d 1222, 1224 (Fla. 4th DCA 2007) (quoting *Biggins v. Fantasma Prods., Inc. of Fla.*, 943 So. 2d 952, 955-56 (Fla. 4th DCA 2006)).

> Summary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings, and summary judgment is appropriate where, as a matter of law, it is apparent from the pleadings, depositions, affidavits, or other evidence that there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law.

*Fla. Bar v. Greene*, 926 So. 2d 1195, 1200 (Fla. 2006).

Our review of the record leads us to conclude that the appellant brought forth sufficient summary judgment evidence to establish a genuine issue of material fact as to the cause of the child's injuries. First, a police report regarding the incident indicates that the nanny made a statement to law enforcement that the child was on the jungle gym prior to his injury, which was inconsistent with her deposition testimony that the child fell while running. "In Florida, evidence of inconsistency in testimony and documentary evidence itself creates a disputed issue of fact for the jury, which may not be resolved by the trial court adversely to the nonmoving party [on motion for summary judgment]." *Gardner v. Holifield*, 639 So. 2d 652, 657 (Fla. 1st DCA 1994). Therefore, the inconsistency in the statements made by the nanny must be resolved by the trier of fact.

Additionally, two medical reports[1] used to oppose summary judgment indicate that the child's "family"[2] states that he fell approximately two feet, and that the child was at the park and "sustained a fall from a height of about 4 feet." The appellee argues that the fact that the child fell from a certain height is not relevant to his diagnosis or treatment, but we disagree. The fact that a patient fell from a height, as opposed to falling while running on the ground, is important information for purposes of medical diagnosis. Thus, the statements in the medical reports regarding falling from a height several feet off the ground are admissible as an exception to hearsay under section 90.803(4), Florida Statutes (2012). Section 90.803(4), states:

> **(4) Statements for purposes of medical diagnosis or treatment.--**Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, or made by an individual who has knowledge of the

---

[1] A week prior to the hearing on the motion for summary judgment, the appellee filed a motion to strike most of the appellant's evidence in opposition to summary judgment. The trial court granted most of the appellee's motion; striking some of the appellant's evidence in whole or in part. Since the medical and hospital reports were stricken by the trial court only "as to portions that contain hearsay and are not relevant to the medical treatment," and we determine that the information regarding the child falling from a certain height is relevant for medical treatment, we consider such summary judgment evidence as proper, even if the trial court did not.

[2] As noted below, section 90.803(4), Florida Statutes, pertains to statements "made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts." § 90.803(4), Fla. Stat. (2012).

facts and is legally responsible for the person who is unable to communicate the facts, which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.

Such evidence is admissible because "[w]hen a person consults a doctor for the purpose of obtaining treatment, he or she has a strong motivation to be truthful because of the desire for effective treatment." Charles Ehrhardt, *Florida Evidence* § 90.803(4), at 883 (2011 ed.).

Having identified more than one piece of summary judgment evidence which demonstrates a genuine issue of material fact as to the cause of the child's injury, we do not discuss the other issues raised contesting the propriety of the summary judgment. We reverse the order granting summary judgment and remand the case for further proceedings.

*Reversed and Remanded.*

WARNER and MAY, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***