[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10213
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80255-KLR

THE BEDTOW GROUP II, LLC,
California limited liability company,

                                        Plaintiff - Appellant,

versus

MARTIN B. UNGERLEIDER,
an individual,
PAULA S. UNGERLEIDER,
an individual,
MICHAEL LANDA,
as Trustee of the William W. Landa 11/30/07
Long Term Irrevocable Trust Dated 11/30/2007,
DOES 1-20,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2017)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this state-law case, the Bedtow Group II, LLC ("Bedtow") appeals the district court's dismissal of its complaint against Defendants Martin Ungerleider, Paula Ungerleider, and against Michael Landa, as trustee of William W. Landa's irrevocable trust. This appeal arises from the sale of three already-existing life insurance policies to Bedtow on the secondary life-settlements market. Bedtow filed this civil action seeking damages and declaratory relief against Defendants. No reversible error has been shown; we affirm.

In April 2010, Bedtow entered into a purchase and sale agreement with each Defendant whereby Bedtow agreed to purchase existing life insurance policies on the lives of Martin Ungerleider, Paula Ungerleider, and William W. Landa. In May 2010 -- in accordance with the purchase and sale agreements -- Bedtow paid

2

Defendants the agreed-upon purchase prices in exchange for Bedtow's becoming the owner and beneficiary of the policies.  Bedtow then assumed responsibility for making all applicable premium payments to the pertinent insurance carriers to keep the policies in force.

Bedtow alleges that its decision to purchase the policies was made in reliance on representations made by Defendants about the insureds' life expectancies.  In late 2013, Bedtow -- in anticipation of reselling the policies -- ordered new life expectancy reports on the Ungerleiders and on William W. Landa. Bedtow says it then first discovered that Defendants had falsely represented the insureds' life expectancies.

In February 2015, Bedtow filed this civil action against Defendants.  In its complaint, Bedtow contends that Defendants -- through their agents Dennis Gilbert and Michael Krupin ("Agents") -- provided false information to Bedtow for the sale of the policies.  In particular, Bedtow contends that the Agents misrepresented the life expectancies of the Ungerleiders and of William W. Landa and misrepresented the insurance carrier rating for the Landa policy.  Bedtow asserted claims for declaratory relief, rescission of the purchase and sale agreements, unjust enrichment, fraudulent inducement, and negligent misrepresentation.

The district court granted Defendants' motions to dismiss.  The district court concluded that Bedtow's claims for rescission, unjust enrichment, fraudulent

inducement, and negligent misrepresentation were time-barred under Florida's statute of limitations. The district court also dismissed Bedtow's declaratory relief claims, concluding that Bedtow was precluded from voiding a contract based on its own alleged violation of Florida law.[1] The district court later denied Bedtow's post-judgment motion for reconsideration and for leave to file an amended complaint. This appeal followed.

I.

We review de novo the district court's grant of a motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Dismissal of a complaint on statute-of-limitations grounds, pursuant to Fed. R. Civ. P. 12(b)(6), is appropriate only where it is "apparent from the face of the complaint" that the claim is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

On appeal, Bedtow contends that the district court erred in dismissing its claims as time-barred. Under Florida law, Bedtow's claims for rescission, unjust

---

[1] On appeal, Bedtow raises no challenge to the district court's dismissal of its claims for declaratory relief. Those claims are thus deemed abandoned. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

enrichment, fraudulent inducement, and negligent misrepresentation had to be brought within four years of the accrual of the claim.  See Fla. Stat. § 95.11(3)(a), (j), (l), (p) (establishing a four-year time limit for filing actions "founded on negligence," actions "founded on fraud," actions "to rescind a contract," and all actions "not specifically provided for in these statutes").  The statute of limitations begins running "from the time the cause of action accrues."  Fla. Stat. § 95.031.  Generally speaking, "[a] cause of action accrues when the last element constituting the cause of action occurs."  Id. § 95.031(a).

Under Florida's "delayed discovery rule," however, the running of the statute of limitations for certain claims -- including fraud-based claims -- may be postponed until "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence."  Fla. Stat. § 95.031(2)(a); see also Davis v. Monahan, 832 So. 2d 708, 709-10 (Fla. 2002) (Florida's delayed discovery doctrine applies only to claims of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse).

Bedtow argues that, under Florida's "delayed discovery rule," the four-year statute of limitations did not begin running until late 2013, when Bedtow first discovered Defendants' alleged misrepresentations.  We disagree.

5

Although Bedtow may have lacked some expertise in the life-settlements market, the allegations in the complaint evidence that Bedtow understood when it purchased the life insurance policies that the projected life expectancy of the insured was a "key element" to determining the fair market value of a life insurance policy. Bedtow's allegations also demonstrate that Bedtow understood -- given the importance of the life expectancy projections -- that the due diligence process associated with purchasing life insurance policies on the life-settlements market included necessarily obtaining life expectancy reports for the insured. This practice is demonstrated both by Bedtow's description that "[i]n the normal course of due diligence, prospective purchasers ordered life expectancy reports" for the Ungerleiders and for William W. Landa, and by Bedtow's own conduct in ordering life expectancy reports for the insureds in anticipation of reselling the policies.

On appeal, Bedtow does not dispute that it understood the importance of the life-expectancy projections when it purchased the policies or dispute that reasonable due diligence required obtaining life expectancy reports for the insureds. Bedtow contends, instead, that it relied on the Agents' misrepresentations about the life expectancies of the Ungerleiders and of William W. Landa. Florida law makes clear, however, that "[i]n the civil context, a party who relies on a misrepresentation must show that it exercised some diligence in investigating the misrepresentation, unless it is shown that the fraudulent party had

6

exclusive or superior knowledge, or prevented further investigation." Adams v. Prestressed Sys. Indus., 625 So. 2d 895, 897 (Fla. Dist. Ct. App. 1993). Bedtow makes no allegation that Defendants had "exclusive or superior knowledge" or otherwise prevented Bedtow from conducting its own investigation. Bedtow was thus still required to conduct independent investigation of the representations made by Defendants' Agents.

Based on the allegations in the complaint, had Bedtow ordered its own life expectancy reports -- as did the other potential purchasers -- it would have discovered the alleged misrepresentations about the insureds' life expectancies. In addition, current insurance carrier ratings were ascertainable through publicly available sources. Instead of conducting its own investigation of the pertinent facts, however, Bedtow relied solely on representations made by the Agents on behalf of Defendants. This reliance does not -- as a matter of Florida law -- excuse Bedtow's failure to exercise due diligence. See id. Because Bedtow "should have . . . discovered with the exercise of due diligence" the alleged misrepresentations before it purchased the policies, Florida's delayed discovery rule does not act to postpone the accrual of Bedtow's causes of action.

The four-year statute of limitations thus began to run, at the latest, in May 2010 when Bedtow made payment and obtained ownership of the life insurance policies. Because it is "apparent from the face of the complaint" that Bedtow's

7

claims -- filed more than four years later -- were untimely, the district court

dismissed properly Bedtow's claims for rescission, unjust enrichment, fraudulent

inducement, and negligent misrepresentation as barred by the statute of

limitations.[2]  See La Grasta, 358 F.3d at 845.

## II.

After the district court dismissed with prejudice Bedtow's complaint,

Bedtow filed a motion for reconsideration under Fed. R. Civ. P. 59(e) and for leave

to amend its complaint.  Bedtow sought to add allegations that the Agents acted as

"undisclosed dual agents" for both Bedtow and Defendants and that Bedtow had

relied on the Agents to conduct due diligence.

We review for abuse of discretion a district court's denial of a Rule 59(e)

motion.  Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1317 (11th Cir.

2013).

A Rule 59(e) motion for reconsideration may be granted based only on

newly-discovered evidence or to correct manifest errors of law or fact.  In re

Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999).  Rule 59(e) motions may not be

---

[2] Because we conclude that Bedtow's claims were dismissed properly as barred by the applicable statute of limitations, we need not address the district court's second independent ground for dismissing Bedtow's fraudulent inducements claims: as barred by the integration clause of the purchase and sales agreements.

used to "relitigate old matters, raise argument or present evidence that should have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

The district court abused no discretion in denying Bedtow's motion for reconsideration and for leave to amend its complaint. Bedtow's motion relied on no newly-discovered evidence and demonstrated no manifest error of law or fact in the district court's order of dismissal. Instead, the allegations Bedtow sought to add to the complaint -- about the Agents' alleged dual agency -- were based on information Bedtow concedes was already known to it before it filed its original complaint. Because Bedtow could have presented this evidence before entry of the judgment -- and chose not to -- it is precluded from doing so post-judgment pursuant to Rule 59(e).

AFFIRMED.

9