CANADY, C.J., dissenting.
I would approve the cogent decision of the Second District Court of Appeal in D.H. v. Adept Community Services, Inc. , 217 So.3d 1072 (Fla. 2d DCA 2017). The majority ignores the conflict issue and instead focuses solely on the separate issue of tolling, concluding that the Petitioners' negligence cause of action was sufficiently tolled for purposes of the statute of limitations because their appointed guardian ad litem was not the guardian ad litem contemplated by the tolling statute. But the majority reaches that conclusion only after impermissibly reviving an argument that the Petitioners abandoned on appeal in the Second District. The only tolling argument that is properly before this Court is the one the Petitioners actually presented on appeal. And the Second District correctly rejected that argument as "irrelevant." Id. at 1083. The Second District also correctly concluded that the Petitioners' negligence cause of action accrued when its last element occurred. I would thus approve the Second District's decision to affirm the trial court's grant of summary judgment in favor of the Respondents.
I. Accrual
The Second District's analysis of the accrual issue is sound and should be approved. That analysis is supported by the plain statutory language and this Court's precedent.
Under Florida law, a cause of action generally accrues for statute of limitations purposes "when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (2006). As noted by the Second District, the time when a minor or a minor's representative with authority *886 to sue on the minor's behalf discovers or should have discovered the cause of action is irrelevant under this general rule. D.H. , 217 So.3d at 1077-78. There are certain statutory exceptions to the general rule, of course. Those exceptions include actions for fraud, products liability, professional malpractice, medical malpractice, and intentional torts based on abuse claims. See generally §§ 95.031, 95.11, Fla. Stat. (2006) ; see also Davis v. Monahan , 832 So.2d 708, 709-10, 709 n.1 (Fla. 2002). But there is no statutory exception for an ordinary negligence claim, whether or not it involves a minor, and whether or not there is an adult with authority to sue on the minor's behalf. See § 95.11(3)(a), Fla. Stat.
A review of our precedent reveals only one nonstatutory exception to the general accrual rule-the application of the delayed discovery doctrine in cases involving the sexual abuse of a minor. In Hearndon v. Graham , 767 So.2d 1179, 1186 (Fla. 2000), this Court justified that exception because of the "uniquely sinister" nature of child sexual abuse and because the abuser caused the plaintiff's inability to sue due to the resulting "shock and confusion" and memory suppression. Recognizing that exception where "the lack of memory was caused by the [sexual] abuser" was fair because it was "a situation similar to the statutory circumstances to which the doctrine applies." Davis , 832 So.2d at 710. But this Court made clear in Davis that the Hearndon exception was narrow and that absent a statute directing otherwise, the general accrual rule applies. Id. at 712.[12]
The Legislature has decided that a negligence cause of action accrues when the last element constituting the cause of action occurred. To conclude that a minor's ordinary negligence claim only accrues when an adult with authority to sue on the minor's behalf either knows or should know of the minor's injury and its connection to the defendant's negligence is to do something this Court refused to do in Davis -that is, to "rewrit[e] the statute, and, in fact, obliterat[e] the statute." Id. at 711. The Second District correctly declined to do so in this case. To the extent Drake v. Island Community Church, Inc. , 462 So.2d 1142 (Fla. 3d DCA 1984), S.A.P. v. State Department of Health & Rehabilitative Services , 704 So.2d 583 (Fla. 1st DCA 1997), or Doe No. 3 v. Nur-Ul-Islam Academy, Inc. , 217 So.3d 85 (Fla. 4th DCA 2017), can be said to announce a nonstatutory, "knew or should have known" accrual rule applicable to any and all actions involving a minor, those decisions should be disapproved.
Although the Petitioners rightfully stress the importance of protecting minors when they lack a proper representative to sue on their behalf, the tolling provisions-when appropriately raised and argued-provide the necessary relief authorized by the Legislature. The accrual doctrine should not be manipulated when the Legislature has clearly pronounced what the exceptions are and are not.
II. Tolling
The statute of limitations for a minor's claim is generally tolled "during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue." § 95.051(1)(h), Fla. Stat. (2006). Here, both parties agree the Twins' mother had an adverse interest to the Twins and that the "parent" provision of the statute does not defeat tolling. The majority also correctly determines that the *887 grandparents were not guardians within the meaning of the statute until they were appointed as such on April 13, 2007. Majority op. at 878-79. Where the majority and I disagree is when it comes to the guardian ad litem analysis.
On the guardian ad litem issue, the majority's holding is based on its agreement with the Petitioners' argument that their cause of action was sufficiently tolled because their appointed guardian ad litem was not a "guardian ad litem" for purposes of the tolling statute. Although the majority may ultimately be correct in its application of the statute, the Petitioners never presented any such argument to the Second District below. Indeed, in their initial brief to this Court, the Petitioners concede that they did not "specifically" argue "that the dependency court guardian ad litem was not a guardian ad litem as specified in" the tolling statute. The Petitioners also never presented to the Second District the argument concerning whether " 'guardian ad litem' in section 95.051(1)(h) means only a guardian ad litem legally authorized to file suit on the minor's behalf." D.H. , 217 So.3d at 1083 n.5 ; see also id. at 1084-85 (Villanti, C.J., concurring specially) (noting that the Twins made the authority argument at the summary judgment hearing in the trial court but failed to raise it as a basis for reversal on appeal). The Petitioners' arguments on these points were therefore waived in the district court and are not properly before this Court. And the district court took pains to acknowledge that-given the absence of a relevant argument by the appellants-the court was "unable to resolve" the question of the scope of the guardian ad litem's authority. Id. at 1083 n.5.
The "only" tolling argument presented to the Second District by the Twins was "that the guardian ad litem did not know about their injuries." D.H. , 217 So.3d at 1083. That argument effectively conceded that their guardian ad litem was the guardian ad litem contemplated by the statute and had authority to bring the negligence suit. See id. (noting that the Twins "acknowledge that they had a guardian ad litem"). The Second District properly rejected the Twins' "awareness" argument as "irrelevant" to the issue of whether the tolling provisions in section 95.051(1)(h) applied. Id. In effect, the Twins attempted to apply the delayed discovery doctrine to the tolling statute. But this Court made clear in Hearndon that "the delayed discovery doctrine may only be applied to the accrual of a cause of action." 767 So.2d at 1184. I would approve the Second District's decision to reject the Twins' only argument.
III. Preservation and Waiver
In reaching its decision, the majority dodges the issue preservation problem by concluding that no problem in fact exists. Namely, after recognizing that the Second District "declined to address" the Twins' lack-of-authority argument "because the Twins did not raise that argument on appeal," majority op. at 880, and after recognizing that the Twins themselves "ask this Court to overlook their failure to raise this issue below," the majority then concludes that the actual issue of relevance-whether the Twins' guardian ad litem was the guardian ad litem contemplated by the statute-"was adequately preserved" because the Twins "nevertheless argued the applicability of section 95.051(1)(h), and the Second District ruled on the merits that section 95.051(1)(h) did not apply, in part because the Twins were represented by a guardian ad litem in the dependency proceeding," majority op. at 881. In other words, because the Twins presented some argument for the applicability of section 95.051(1)(h), they did not waive the entirely separate argument that the appointed *888 guardian ad litem was not the guardian ad litem contemplated by the tolling statute. The majority's conclusion is unsupported by our precedent, inconsistent with the structure of the appellate process, and buttressed only by the majority's misreading of the Second District's holding.
As support for its conclusion, the majority relies solely on the following language from Savoie v. State , 422 So.2d 308, 312 (Fla. 1982) : "[O]nce this Court has jurisdiction of a cause, it has jurisdiction to consider all issues appropriately raised in the appellate process ... when these other issues have been properly briefed and argued and are dispositive of the case." See majority op. at 881. But nothing in Savoie stands for the proposition that a party who abandons an argument on appeal in the district court can revive that argument by briefing it to this Court. Savoie simply stands for the proposition that this Court may consider issues that were "appropriately raised" on appeal, even if the district court does not expressly rule on them, so long as they are also "fully briefed and argued ... before this Court" "and are dispositive of the case." Savoie , 422 So.2d at 312. Here, the Twins' argument regarding their guardian ad litem was never "appropriately raised" on appeal. Rather, it was abandoned on appeal.
Our precedent requires that an argument for reversal be specifically preserved in the trial court and then be specifically raised and briefed to the appellate court in order for that appellate court or a higher appellate court to consider it. See Steinhorst v. State , 412 So.2d 332, 338 (Fla. 1982) ("[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below."); Brown v. Bowie , 58 Fla. 199, 50 So. 637, 638 (1909) ("[T]he plaintiff in error [is] confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be considered by an appellate court."). Otherwise, the argument is waived. See Simmons v. State, 934 So.2d 1100, 1117 n.14 (Fla. 2006) (concluding that "any arguments not expressly included" in the brief were waived). General or vague references to an issue will not suffice. See Duest v. Dugger , 555 So.2d 849, 852 (Fla. 1990) ("Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived."); see also Coolen v. State , 696 So.2d 738, 742 n.2 (Fla. 1997) (noting that a "failure to fully brief and argue" a point "constitutes a waiver" (emphasis added) ). Even an argument presented to an appellate court in a reply brief is deemed to have been waived if the "argument was not raised in the initial brief." Hoskins v. State , 75 So.3d 250, 257 (Fla. 2011).
This requirement of specific argument and briefing is one of the most important concepts of the appellate process. Indeed, it is not the role of the appellate court to act as standby counsel for the parties. See Polyglycoat Corp. v. Hirsch Distributors, Inc. , 442 So.2d 958, 960 (Fla. 4th DCA 1983) (noting that "it is not the function of the Court to rebrief an appeal" and thereby "become an advocate"). Moreover, it is only logical to require an argument to specifically be raised. Otherwise, the appellee "must not only respond to the specific reasons for reversal advanced by the [appellant] but also anticipate and respond to other reasons for reversal that may be advanced by the reviewing court." I.R.C. v. State , 968 So.2d 583, 588 (Fla. 2d DCA 2007). In the end, absent some exception to the waiver doctrine, an appellant who abandons an argument cannot benefit from that argument in the future. See Philip J. Padovano, Florida Appellate Practice *889 § 16:9, at 317 n.9 (2018 ed.) ("An argument not presented in the initial brief is waived and may not be considered as a ground for reversal.").[13] The Second District properly adhered to these well-established appellate principles.
Here, the majority refashions the Twins' very specific argument about their appointed guardian ad litem's lack of "awareness" into a more general issue regarding guardians ad litem and tolling. The majority then concludes that the refashioned issue was in fact "addressed on its merits by the Second District." Majority op. at 881. Indeed, according to the majority: "The Second District held section 95.051(1)(h) did not toll the Twins' claims because the Twins were represented by a guardian ad litem in the separate dependency proceeding." Majority op. at 880. But the Second District held nothing of the sort. Rather, the Second District merely rejected the "only" tolling argument presented by the Twins-an argument that attempted to read the delayed discovery doctrine into the tolling statute. The Second District did not err in doing so.[14]
IV. Conclusion
The Petitioners should not prevail in this case on the basis of a tolling argument that the Petitioners themselves never presented to the Second District. Instead of breathing life into abandoned arguments, I would adhere to long-established appellate principles, under which the Second District's decision should be approved. Accordingly, I dissent.
LAWSON, J., concurs.

Subsequent to Hearndon , the Legislature codified an exception for sexual battery offenses on victims under age 16. See § 95.11(9) Fla. Stat. (2018).

On the other hand, as it relates to affirming a lower court's order, "an appellate court may in some situations affirm an order based on a point not argued in the appellee's brief because the court is obligated to entertain any basis for affirmance." Philip J. Padovano, Florida Appellate Practice § 16:9, at 317 (2018 ed.).

The concurring opinion attempts to support the majority's misreading of the Second District's narrow holding by noting that the Second District looked to the plain language of the tolling statute and concluded that "the limitations period on a minor's cause of action is not tolled when a guardian ad litem exists, except when that guardian ad litem has interests adverse to the minor or has been adjudicated incapacitated." Concurring op. at 883 (quoting D.H. , 217 So.3d at 1083 ). But the concurring opinion ignores that the Twins effectively conceded that they had a guardian ad litem for purposes of the tolling statute. The Second District thus looked to the statutory language simply to explain why the Twins' "awareness" argument-their one and only argument-was irrelevant. The Second District did not rule on an issue that neither party advanced and that the court expressly stated it was "unable to resolve." D.H. , 217 So.3d at 1083 n.5.