DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EMPIRE PRO RESTORATION, INC. A/A/O LAMBERT BOWDEN &
ELAINE BOWDEN,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D21-237

[May 26, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Giuseppina Miranda, Judge; L.T. Case Nos. COCE17-20678 and CACE18-25444.

Frantz C. Nelson of Font & Nelson, PLLC, Fort Lauderdale, for appellant.

Maureen G. Pearcy of Paul R. Pearcy, P.A., Miami, for appellee.

FORST, J.

Appellant Empire Pro Restoration, Inc. seeks review of the trial court's order granting Appellee Citizens Property Insurance Corporation's ("Insurer") motion for summary judgment. Appellant raises two issues on appeal. We affirm on both issues but write only to address Appellant's first argument—that the trial court erred in its application of the burden-shifting framework applicable to "all-risk" insurance policies.

## Background

The home of Lambert Bowden ("Insured") was covered by a homeowner's policy issued by Insurer. The policy contained an exclusion for damage caused by "rain . . . to the interior of a building[.]" This exclusion contained an exception if "a covered peril first damages the building causing an opening in a roof or wall and the rain . . . enters through this opening."

In 2017, Insured sustained a roof leak causing water damage interior to the home's ceiling and walls. Appellant performed the remediation services for the damages in exchange for assignment of Insured's rights to recover for the cost of the work under the insurance policy. Insurer denied Appellant's claim for benefits, maintaining that the policy at issue did not cover damage caused by wear and tear, and that a "covered peril" did not cause the opening in which the rain entered.

Following Insurer's denial of the claim, Appellant filed a breach of contract lawsuit. Neither party offered any evidence to establish what caused the roof leak leading to the interior water damage. The trial court observed that "[Appellant] failed to present any sworn evidence to support a factual basis for finding that the damage was caused by rain entering through an opening caused by a covered peril. . . . Furthermore, [Appellant] agrees that they do not know what caused the roof to leak." (emphasis omitted). Based on Appellant's failure to offer evidence demonstrating the cause of the interior water damage, the trial court granted Insurer's motion for summary judgment. This appeal followed.

## Analysis

"The standard of review of an order granting summary judgment is de novo." *Bogatov v. City of Hallandale Beach*, 192 So. 3d 600, 601 (Fla. 4th DCA 2016) (quoting *Patten v. Winderman*, 965 So. 2d 1222, 1224 (Fla. 4th DCA 2007)). Likewise, "[t]he construction of an insurance contract involves a question of law, and an appellate court applies a de novo standard of review." *Arias v. Affirmative Ins. Co.*, 944 So. 2d 1195, 1197 (Fla. 4th DCA 2006) (citation and italics omitted).

"An all-risks policy provides coverage for all losses not resulting from misconduct or fraud unless the policy contains a specific provision expressly excluding the loss from coverage." *Kokhan v. Auto Club Ins. Co. of Fla.*, 297 So. 3d 570, 572 (Fla. 4th DCA 2020) (quoting *Mejia v. Citizens Prop. Ins. Corp.*, 161 So. 3d 576, 578 (Fla. 2d DCA 2014) (emphasis omitted)). "[A]n insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect. The burden then shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms." *Id.* (alteration in original) (quoting *Jones v. Federated Nat'l Ins. Co.*, 235 So. 3d 936, 941 (Fla. 4th DCA 2018)). "If there is an exception to the exclusion, the burden once again is placed on the insured to demonstrate the exception to the exclusion." *E. Fla. Hauling, Inc. v. Lexington Ins. Co.*, 913 So. 2d 673, 678 (Fla. 3d DCA 2005) (citation omitted); *see also Deshazior v. Safepoint Ins. Co.*, 305 So. 3d 752, 755 (Fla. 3d DCA 2020) (to survive summary

judgment, the insured bears the burden of introducing evidence to create a genuine issue of material fact after the insurer shows that the damage falls under an exclusion to the insurance policy); *Fla. Windstorm Underwriting v. Gajwani*, 934 So. 2d 501, 506 (Fla. 3d DCA 2005) ("[T]he insured has the burden to prove an exception to an exclusion contained within an insurance policy[.]").

Here, Appellant met its initial burden of demonstrating that the policy was in effect when the loss was incurred. Insurer then established that an exclusion applied as the loss occurred due to rain causing water damage to the interior of the home. The burden then shifted back to Appellant to offer evidence that an exception—an opening in the roof and/or wall(s) that was caused by a covered peril (such as hail) and not the result of wear and tear of the roof and/or wall(s)—precipitated the interior rain damage. Appellant offered no such evidence (as noted above, the trial court observed that "[Appellant] *agrees that they do not know what caused the roof to leak*"). Unlike in *Jones* where the parties offered competing and conflicting evidence and theories as to the cause of the roof damage, 235 So. 3d at 941, no such conflicting evidence was presented here to create a genuine issue of material fact. Appellant failed to offer an explanation as to what caused the entry points for the rain to come into the home. Accordingly, in the absence of evidence as to the cause of the roof damage, the trial court properly relied on *Gajwani* in granting Insurer's motion for summary judgment.

*Affirmed.*

WARNER, and DAMOORGIAN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**